**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DARLENE CORTEZ,

    Plaintiff,

v.

MICHAEL BASKIN, et al.,

    Defendants.

1:19-cv-12261-NLH-AMD

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

DARLENE CORTEZ
5752 MARSHALL STREET
PHILADELPHIA, PA 19120

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Darlene Cortez, appearing *pro se*, has filed a complaint against five Defendants;[1] and

---

[1] Plaintiff filed her complaint in the District Court for the District of Columbia on March 6, 2019. That court transferred the case to this District citing 28 U.S.C. § 1391(b). However, that statute defines proper venue and does not, in and of itself, authorize inter-district transfers. The two options are 28 U.S.C. §§ 1404 and 1406. It does not appear that the transferor court acted under Section 1404 as that allows transfer not because venue is improper but because it is inconvenient. That leaves Section 1406. While 28 U.S.C. § 1406(a) allows for transfer to another district to cure a venue defect it has been interpreted to require a determination by the transferor court that the transferee court not only would have proper venue but also subject matter jurisdiction. See Spiniello Companies v. Moynier, 2014 WL 7205349, at *5-6 (D.N.J. 2014) (citing 28 U.S.C. § 1406(a)) (explaining that if a court determines that venue has been improperly laid within its

WHEREAS, Plaintiff claims that the named Defendants, along with a dozen other individuals, stole her formulas for natural oil fragrances and other products she developed, breached their contract to create, market, and sell products based on her formulas, and broke into her home and stole the signed contract documents; and

WHEREAS, Plaintiff further alleges that certain individuals, although not the named Defendants, "stole the children the plaintiff was pregnant with, and helped to steal the children born from plaintiff's stolen eggs and stolen embryos, the plaintiff never gave away any of her biological eggs, embryos, or fetuses.  They were ripped from her body and stolen from the plaintiff for huge billions of dollars . . . . Plaintiff's children were ripped and stolen from her pregnant body, and then the plaintiff's ovaries were then cut from her

---

district, § 1406(a) confers discretion to transfer the case or dismiss it); id. ("To effectuate a § 1406(a) transfer to a proper venue, a court must possess subject matter jurisdiction over the case." (citing C. Wright, A. Miller, et al., 14D Fed. Prac. & Proc: Juris. § 3827 (4th ed.) ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action....")), cf. Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422 (2007) (convenience-based venue issues may be addressed before the threshold issue of subject-matter jurisdiction) and In re: Howmedica Osteonics Corp, 867 F.3d 390, 404 (3d Cir. 2017)(same).  In light of the obvious pleading deficiencies noted in this Order, it is unclear how the transferor court made a determination of subject matter jurisdiction.

body . . . ."  (Docket No. 1 at 3-4); and

WHEREAS, Plaintiff further alleges that certain individuals, but not the named Defendants, "stole plaintiff's daughter born in March 2003, whom plaintiff Darlene Cortez had been pregnant with." (Id. at 4); and

WHEREAS, Plaintiff seeks the restoration of her "stolen born and unborn children," and $2 billion in damages for the sale of her stolen products; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448,

3

452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient as follows. First, and as a threshold matter, the Court is unable to determine the asserted basis for the Court's exercise of subject matter jurisdiction. Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim

4

for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."  Since the complaint is silent on this point in violation of the Rule the Court is left to guess or surmise.

Construing the pro se filing liberally, as the Court must, one possibility is the Court's diversity jurisdiction. 28 U.S.C. § 1332.  According to the caption of Plaintiff's complaint it is advanced against five defendants, consisting of three individuals and two entities.  Plaintiff lists her residence in Philadelphia, Pennsylvania, and ascribes to each of the defendants, whether individuals or business entities, the same address in Camden, New Jersey.  However, assuming Plaintiff's case is premised on diversity of citizenship, she has failed to properly plead her citizenship or the citizenship of the defendants.  See 28 U.S.C. § 1332(a) (providing that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs); McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973))); Witasick v. Hambrecht, No. 12-3755, 2013

WL 1222680, at *2 (D.N.J. Mar. 25, 2013) ("[A]n individual may only have one domicile, and thus may only be a citizen of one state for diversity jurisdiction purposes. Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship." (citation omitted) (citing Williamson v. Osenton, 232 U.S. 604, 614 (1914))); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); and

WHEREAS, a second possibility is federal question jurisdiction. 28 U.S.C. § 1331. However, Plaintiff's complaint does not expressly assert any federal statutory or constitutional claims, and no federal law is cited. Any attempt to construe to the Complaint as asserting a federal claim would be pure speculation; and

WHEREAS, Plaintiff's Complaint contains numerous allegations against several individuals who are not listed in the caption as defendants in the action. Accordingly, the Court is unable to discern whether Plaintiff intends to pursue claims against these individuals although she appears to requests remedies from them. If she does intend to name them as defendants and assert a claim or claims against these individuals, and Plaintiff premises jurisdiction on diversity of

citizenship, she must also properly allege their citizenship. If her claim is a federal one, she must set forth a specific legal basis for these other claims, such as the theft of the contract and "born and unborn children," sufficient to establish subject matter jurisdiction. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.");

THEREFORE,

IT IS on this __15th__ day of __May__, 2019

ORDERED that Plaintiff's IFP application (Docket No. 2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.