```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DARLENE CORTEZ,

        Plaintiff,

1:19-cv-12261-NLH-AMD

**MEMORANDUM**
**OPINION & ORDER**

v.

MICHAEL BASKIN, et al.,

        Defendants.

**APPEARANCES:**

DARLENE CORTEZ
5752 MARSHALL STREET
PHILADELPHIA, PA 19120

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Darlene Cortez, appearing *pro se*, has filed a complaint against five Defendants; and

    WHEREAS, Plaintiff claims that the named Defendants, along with a dozen other individuals, stole her formulas for natural oil fragrances and other products she developed; breached their contract to create, market, and sell products based on her formulas; broke into her home and stole the signed contract documents; and stole her embryos and born and unborn children; and

    WHEREAS, because Plaintiff filed an application to proceed without prepayment of fees, the Court screened her complaint

pursuant to 28 U.S.C. § 1915(a)(1), which requires a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (Docket No. 5); and

WHEREAS, the Court found that Plaintiff's complaint was deficient because: (1) the Court was unable to determine the asserted basis for the Court's exercise of subject matter jurisdiction; (2) if Plaintiff's complaint was premised on diversity jurisdiction, 28 U.S.C. § 1332(a), Plaintiff had failed to properly plead her citizenship or the citizenship of the defendants; (3) if Plaintiff's complaint was premised on federal question jurisdiction, 28 U.S.C. § 1331, Plaintiff's complaint did not expressly assert any federal statutory or constitutional claims, and no federal law is cited; and (4) Plaintiff's complaint contains numerous allegations against several individuals who are not listed in the caption as defendants in the action; and

WHEREAS, the Court granted Plaintiff's IFP application, deemed her complaint filed, but issued an Order to Show Cause as to why her complaint should not be dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); and

WHEREAS, the Court provided Plaintiff with 20 days to file her response, which was due on May 25, 2019; but

WHEREAS, Plaintiff has failed to respond to the Court's Order to Show Cause;

THEREFORE,

IT IS on this  3rd  day of  June , 2019

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction.

                                              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.